IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:17CR104-5–HEH
)
SHERONDA FOX, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Sheronda Fox, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. ("§ 2255 Motion," ECF No. 339).[1] The Government has responded, arguing that Fox's § 2255 Motion is barred by the statute of limitations, and in the alternative, lacks merit. (ECF No. 417–1.) Fox has not filed a reply. For the reasons set forth below, Fox's § 2255 Motion will be denied.

On November 1, 2017, in a Second Superseding Indictment, a grand jury charged Fox with one count of conspiracy to possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin (Count One), possession with intent to distribute a mixture and substance containing a detectable amount of heroin (Count Four), and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine (Count Five). (ECF No. 93 at 1–3.) On December 12, 2017,

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling and capitalization in the quotations from Fox's § 2255 Motion.

the Government filed a Criminal Information with respect to Fox, reducing the charges to one count of conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin (Count One), possession with intent to distribute a mixture and substance containing a detectable amount of cocaine (Count Two). (ECF No. 123 at 1–2.) The following day, Fox waived indictment, and pled guilty pursuant to a written Plea Agreement to Counts One and Two of the Criminal Information. (ECF No. 127 at 1–2.) On April 4, 2018, the Court entered judgment against Fox and sentenced her to 108 months of imprisonment. (ECF No. 239 at 2.) Fox did not appeal.

On August 1, 2019, Fox placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 339 at 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In her § 2255 Motion, Fox raises a single claim for relief.[2] Fox states, in sum, in Ground One: "[D]efense counsel failed to file a notice of appeal after sentencing when defendant requested one." (*Id.* at 4.) An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000). The United States Court of Appeals for the Fourth Circuit has explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

---

[2] Under Ground Two, Fox argues that she is entitled to relief under the First Step Act. (ECF No. 339 at 5.) Fox filed a separate motion under the First Step Act (*see* ECF Nos. 327, 346), and the Court will not address such a claim in the context of a § 2255 Motion. Accordingly, the Court will dismiss Ground Two without prejudice. Fox may seek such relief by a separate motion under the First Step Act.

However, Fox's vague statement in her § 2255 Motion lacked any specific factual support. Furthermore, it appeared her claim may have been barred by the relevant statute of limitations. Accordingly, by Memorandum Order entered on April 21, 2021, the Court directed Fox to file certain documents and a sworn statement addressing specific matters, within fourteen (14) days of the date of entry thereof. The Court warned Fox that a failure to comply with the directives of the April 21, 2021 Memorandum Order would result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

More than fourteen (14) days have elapsed and Fox has not responded. Fox's failure to respond indicates a lack of interest in litigating her § 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 339) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: May 19, 2021
Richmond, Virginia

3